UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MIGUEL TEPALE, on behalf of himself
and others similarly situated,

                                                                 23-cv-07755(ALC)

                       Plaintiff,

    -against-

J.D.B. Market Corp., Gourmet City Wood
Ridge Inc., John Burdo and Rafael Divino,

                       Defendants.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS J.D.B MARKET CORP. AND JOHN BURDO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

                                                  Jasmine Y. Patel, Esq.
                                                  Michael Yim, Esq.
                                                  **FRANKLIN, GRINGER & COHEN, P.C.**
                                                   *Attorneys for Defendants J.D.B. Market*
                                                   *Corp. and John Burdo*
                                                  666 Old Country Road, Suite 202
                                                  Garden City, New York 11530
                                                  (516) 228-3131

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. SUMMARY OF PROCEEDINGS ................................................................................. 1

III. ARGUMENT .................................................................................................................. 2

    A. Motion To Dismiss Standard ................................................................................ 2

    B. Plaintiff's Complaint Should Be Dismissed Against JDB As JDB Did Not Employ Or Jointly Employ Plaintiff. ................................................................................... 3

    C. Plaintiff's NYLL Claims (Third Through Eighth Causes of Action) Against JDB and Burdo Should Be Dismissed. ........................................................................... 5

IV. CONCLUSION ............................................................................................................... 7

**TABLE OF AUTHORITIES**

Cases

*Aguilar v. New Dairydel, Inc.,* No. 22 CIV. 3700 (NSR), 2023 WL 5835829
  (S.D.N.Y. Sept. 8, 2023)................................................................................................... 4
*Apolinar v. R.J. 49 Rest., LLC,* 2016 WL 2903278 (S.D.N.Y. 2016)............................................ 4
*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ........................................................ 2, 3, 4
*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955 (2007) ......................................... 2
*Bravo v. Established Burger One LLC,* 2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013).................... 4
*Carter v. Dutchess Community College,* 735 F.2d 8 (2d Cir. 1984) ............................................. 3
*Chen v. 2425 Broadway Chao Restaurant LLC,* 2017 WL 2600051
  (S.D.N.Y. June 15, 2017).............................................................................................. 4-5
*Diaz v. Consortium for Worker Educ., Inc.,* 2010 WL 3910280 (S.D.N.Y. Sept. 28, 2010) ......... 4
*Global Reinsur. Corp. U.S. Branch v. Equitas Ltd.,* 18 N.Y.3d 722 (2012) .................................. 5
*Goshen v. Mut. Life Ins. Co. of New York,* 730 N.Y.S.2d 46 (App. Div. 2001)............................. 5
*Huer Huang v. Shanghai City Corp.,* 459 F. Supp. 3d 580 (S.D.N.Y. 2020).......................... 3, 4
*Juarez v. 449 Rest., Inc.,* 29 F. Supp.3d 363 (S.D.N.Y. 2014) ....................................................... 4
*Lopez v. Acme Am. Envt'l Co., Inc.,* 2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012)......................... 4
*Magnuson v. Newman, No.* 10-CV-6211 (JMF), 2013 WL 5380387
  (S.D.N.Y. Sept. 25, 2013)............................................................................................. 5, 6
*O'Neill v. Mermaid Touring Inc.,* 968 F. Supp. 2d 572 (S.D.N.Y. 2013)...................................... 6
*Robles v. Argonaut Restaurant & Diner, Inc.,* 2009 WL 3320858 (S.D.N.Y. Oct. 9, 2009) ......... 4
*Warman v. Am. Nat'l Standards Inst.,* No. 15-CV-5486 (RA), 2016 WL 3676681
  (S.D.N.Y. July 6, 2016) ................................................................................................... 6


Statutes
Fed. R. Civ. P. 12(b)(6).......................................................................................................... passim
N.Y. Lab. Law § 190 et seq. ................................................................................................... passim
N.Y. Stat. Law § 149……………………………………………………………………………..5
29 U.S.C. §§ 201 et seq............................................................................................................ passim

**I.      INTRODUCTION**

Defendants J.D.B. Market Corp. (hereinafter "JDB") and John Burdo (hereinafter "Burdo", collectively "Defendants") bring this motion pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff Miguel Tepale's (hereinafter "Plaintiff") Complaint against JDB in its entirety and to dismiss Plaintiff's New York State Labor Law, N.Y. Lab. Law § 190 et seq. (McKinney) ("NYLL") Causes of Action (Third, Fourth, Fifth, Sixth, Seventh, and Eighth) against Defendants.

Plaintiff has asserted wage claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA") and NYLL against all defendants.  Defendant JDB seeks to dismiss Plaintiff's Complaint in its entirety against JDB because JDB did not employ Plaintiff and was not a joint employer of Plaintiff in order for it to be liable under the FLSA or NYLL.  Plaintiff has not alleged that he performed work for JDB and has failed to plead sufficient factual information to establish that JDB is a joint employer of Plaintiff.

Defendants JDB and Burdo also bring this motion to dismiss Plaintiff's NYLL claims as Plaintiff has not alleged that he performed any work in New York.  As a result, NYLL does not apply to him and his NYLL Causes of Action should be dismissed against JDB and Burdo.

**II.     SUMMARY OF PROCEEDINGS**

On September 1, 2023, Plaintiff filed a complaint (the "Complaint")[1] in the Southern District of New York against Defendants (JDB and Burdo), Gourmet Wood Ridge Inc. (hereinafter "Gourmet") and Rafael Divino (hereinafter "Divino"). Plaintiff's Complaint contains

---

[1] The Complaint is annexed to the Affirmation of Jasmine Patel (herein "Patel Aff."), dated February 23, 2024 as Exhibit A.

1

minimum wage and overtime claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA") (First and Second Causes of Action) against all defendants. In addition, he has asserted minimum wage, overtime, spread of hours, pay frequency and record keeping violations pursuant to NYLL (Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action) against all defendants.

Gourmet and Divino have not responded to the Complaint and Your Honor has directed Plaintiff to seek default against Gourmet and Divino. On February 1, 2024, Defendants filed a letter with the Court requesting a pre-motion conference to address their proposed motion to dismiss the Complaint. Plaintiff did not oppose. On February 9, 2024, Your Honor granted said request and set forth a briefing scheduling for Defendants' instant motion.

### III.    ARGUMENT

#### A.    Motion To Dismiss Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint must therefore contain more than "'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting Twombly, 550 U.S. at 557). To avoid dismissal, the complaint must contain "enough facts to state a claim to relief that is plausible on its face [and] nudge[ ] [the plaintiff's] claims across the line from conceivable to plausible...." *Twombly*, 550 U.S. at 570. Moreover, while a court reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss must generally deem all allegations of

fact in a complaint to be true, this "tenet . . . is inapplicable to legal conclusions." *Id.*; *see also Twombly*, 550 U.S. at 555 (explaining that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

## B. Plaintiff's Complaint Should Be Dismissed Against JDB As JDB Did Not Employ Or Jointly Employ Plaintiff.

Defendant JDB seeks to dismiss Plaintiff's Complaint as JDB did not employ Plaintiff and was not a joint employer of Plaintiff under NYLL and FLSA. Plaintiff has not alleged that he performed work at JDB or that JDB managed his work at Gourmet, for JDB to be held liable.

In determining whether a defendant is an employer pursuant to FLSA and NYLL, the court looks at the "economic reality," "whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and methods of payment, and (4) maintained employment records." *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984). Herein, Plaintiff has only set forth conclusory allegations mimicking the *Carter* elements, but has not pled sufficient facts to state a claim against JDB. Patel Aff, Exh. A ¶¶14-19; *Iqbal*, 556 U.S. at 678; *Huer Huang v. Shanghai City Corp.,* 459 F. Supp. 3d 580, 588 (S.D.N.Y. 2020) (Allegations which mirror the *Carter* factors and do not add factual content, cannot establish a claim for relief, and collecting cases). In fact, Plaintiff has only set forth that he worked at Gourmet (in New Jersey) and the hours he worked there. Patel Aff, Exh. A ¶¶48-50. Plaintiff has failed to plausibly assert that Plaintiff worked at or for JDB or that JDB controlled Plaintiff's work at Gourmet in any manner. *Id.*

Similarly, the allegations that Corporate Defendants constitute a single and joint enterprise, including JDB, a location where Plaintiff did not work, are again threadbare, conclusory boilerplate allegations. Multiple corporations can be liable as "a joint employer",

Case 1:23-cv-07755-ALC   Document 26   Filed 02/23/24   Page 7 of 10

"based on the theory that they operate as a single enterprise with significant interrelation of operations." *Apolinar v. R.J. 49 Rest., LLC*, 2016 WL 2903278, at *4 (S.D.N.Y. 2016). "[C]ourts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id*. (quoting Juarez v. 449 Rest., Inc., 29 F. Supp.3d 363, 367 (S.D.N.Y. 2014)).

Plaintiff, yet again, asserts conclusory allegations mirroring the joint employer factors, without sufficient factual content to support such a conclusion. Patel Aff, Exh. A ¶¶36-44. "[T]he paradigmatic 'formulaic recitation of the elements of a cause of action' is insufficient to establish a claim for relief under *Twombly* and *Iqbal*." *Huer Huang,* 459 F. Supp. At 588 (quoting Iqbal, 556 U.S. at 678) (holding that the complaint failed to sufficiently allege that separate, related restaurant entities operated as a single integrated enterprise); *see e.g. Aguilar v. New Dairydel, Inc.,* No. 22 CIV. 3700 (NSR), 2023 WL 5835829, at *3 (S.D.N.Y. Sept. 8, 2023) ("Plaintiff Aguilar fails to raise allegations adequate to support any of the four factors set forth in the economic realities test. Instead, conclusory statements from Plaintiff's Complaint, when strung together, merely mirror these factors."); *Chen v. 2425 Broadway Chao Restaurant LLC,* 2017 WL 2600051, at *4 (S.D.N.Y. June 15, 2017) ("Plaintiffs' boilerplate recitation of the four Carter factors is not entitled to the assumption of truth, and therefore cannot give rise to a plausible inference that Wang is an 'employer' "); *Bravo v. Established Burger One LLC,* 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013) ("Plaintiffs allege no specific facts, aside from the elements of the 'economic reality test,' to satisfy their pleading burden"); *Diaz v. Consortium for Worker Educ., Inc.*, 2010 WL 3910280 at *4 (S.D.N.Y. Sept. 28, 2010) ("mere boilerplate allegations that an individual meets the various prongs of the economic reality test" are insufficient).  Plaintiff has asserted that he worked at Gourmet (in New Jersey), but he has not

4

alleged any facts to lead to the conclusion that JDB and Gourmet had interrelated operations, had common management as to Plaintiff's employment, or centralized control of Plaintiff. Patel Aff, Exh A.  Essentially, the Complaint is devoid of any factual allegations that JDB possessed the power to control Plaintiff's work.

Moreover, even if JDB and Gourmet had common ownership[2], that factor alone is insufficient to establish joint employment. *Lopez v. Acme Am. Envt'l Co., Inc.,* 2012 WL 6062501, at *4 (S.D.N.Y. Dec. 6, 2012) ("Allegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees."); *Robles v. Argonaut Restaurant & Diner, Inc.,* 2009 WL 3320858, at *2 (S.D.N.Y. Oct. 9, 2009); *Chen,* 2017 WL 2600051, at *4.  Plaintiff has not alleged that he performed work for JDB or worked at JDB. He has only alleged common ownership and has failed to plead other sufficient factual information to establish that JDB is a joint employer of Plaintiff. Thus, Plaintiff's Complaint should be dismissed against JDB.

**C.   Plaintiff's NYLL Claims (Third Through Eighth Causes of Action) Against JDB and Burdo Should Be Dismissed.**

Plaintiff's Complaint alleges claims for wage violations, frequency of pay and record keeping violations pursuant to NYLL (Third through Eighth Causes of Action) against all defendants. Defendants JDB and Burdo also seek to dismiss said NYLL Causes of Action as Plaintiff has not alleged that he performed any work in New York.

"Under New York law, it is a settled rule of statutory interpretation, that unless expressly stated otherwise, no legislation is presumed to be intended to operate outside the territorial jurisdiction of the state ... enacting it." *Magnuson v. Newman,* No. 10-CV-6211 (JMF), 2013 WL

---

[2] For a majority of relevant time period, JDB and Gourmet did not have common ownership.

5380387, at * 5 (S.D.N.Y. Sept. 25, 2013) (internal quotations omitted) (quoting Goshen v. Mut. Life Ins. Co. of New York, 730 N.Y.S.2d 46, 47 (App. Div. 2001)); N.Y. Stat. Law § 149 (imposing general ban on extraterritorial operation of state law); *Global Reinsur. Corp. U.S. Branch v. Equitas Ltd.*, 18 N.Y.3d 722, 735 (2012) ("The established presumption is ... against the extraterritorial operation of New York law.")

Courts in this district have specifically held that NYLL does not apply extraterritorially. In *Magnuson*, *supra*, the defendants argued that NYLL did not apply to the plaintiffs because the work performed did not occur in New York. Plaintiffs argued that because a defendant was incorporated in New York, NYLL should apply, even though the work was performed outside of New York. *Id*. The *Magnuson* Court granted summary judgment in the defendants' favor dismissing the NYLL claims, holding that, in light of the purpose of the statute and the presumption against extraterritoriality, "it follows that the statute does not apply to people who work outside of the State of New York." *Magnuson*, 2013 WL 5380387, at *5 (collecting cases); s*ee e.g., O'Neill v. Mermaid Touring Inc.*, 968 F. Supp. 2d 572, 578 (S.D.N.Y. 2013) ("Nothing in the [NYLL] suggests that the legislators intended to give persons who were outside New York the right to come to New York to sue their employers." (internal citation omitted)); *Warman v. Am. Nat'l Standards Inst.,* No. 15-CV-5486 (RA), 2016 WL 3676681, at *2 (S.D.N.Y. July 6, 2016) (dismissing plaintiff's NYLL claims because the plaintiff never worked in New York).

Even if accepting his factual allegations as true, NYLL does not apply to Plaintiff. Similar to the plaintiffs in *Magnuson*, it is undisputed that Plaintiff only performed work outside of New York. Plaintiff in his Complaint has alleged that he worked for Gourmet in the State of New Jersey. Patel Aff, Exh. A ¶10. He has not alleged that he performed any work in New York for NYLL to apply to his employment. Patel Aff, Exhibit A. As such, Plaintiff cannot pursue

6

NYLL claims and his NYLL Causes of Action (Third through Eighth Causes of Action) should be dismissed against JDB and Burdo.

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the Complaint in its entirety against JDB and the NYLL Causes of Action against JDB and Burdo, along with such other and further relief as the court deems just and proper.

Date:   February 22, 2024
        Garden City, New York

                                      Respectfully submitted,

                                      */s/ JPatel*
                                      Jasmine Patel, Esq.
                                      Michael Yim, Esq.
                                      **FRANKLIN, GRINGER & COHEN, P.C.**
                                      *Attorneys for Defendants Whitsons and Emery*
                                      666 Old Country Road, Suite 202
                                      Garden City, New York 11530
                                      516.228.3131
                                      jpatel@franklingringer.com

To:
Jason Mizrahi, Esq.
Levin-Epstein & Associates, P.C.
Attorneys for Plaintiff
60 East 42nd Street, Suite 4700
New York, NY 10165